# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
CONOR P. BRENNAN,                   *
                                    *    No. 17-1346V
                   Petitioner,      *    Special Master Christian J. Moran
                                    *
v.                                  *
                                    *    Filed: October 26, 2018
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *    Entitlement, dismissal
                                    *
                   Respondent.      *
* * * * * * * * * * * * * * * * * * *
```

Jessica A. Wallace, Siri & Glimstad LLP, New York, NY, for petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Conor Brennan[2] filed a petition, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34, on September 27, 2017. The petition alleged that the human papillomavirus (HPV) vaccines he received on September 29, 2014, and March 4, 2015, caused him to suffer an immune mediated encephalopathy and/or autoimmune encephalitis, which led to the development of various symptoms. See Petition, filed Sept. 27, 2017, at 1-2. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Conor Brennan's mother, Chrisitina Biesold, filed the petition on his behalf because he had not yet reached the age of majority. Mr. Brennan subsequently became the petitioner once he turned eighteen. Order, issued Aug. 2, 2018. This decision will refer to Mr. Brennan as the petitioner for simplicity.

## I.   Procedural History

Mr. Brennan filed his petition on September 27, 2017. Following multiple extensions of time, Mr. Brennan finished submitting his medical records and filed a statement of completion on January 30, 2018.

On May 7, 2018, the Secretary filed his Rule 4 report opposing a finding of entitlement. The Secretary argued that Mr. Brennan had not clearly identified the injury he was alleging and that his treating doctors believed many of the symptoms he complained of originated from psychiatric issues. Resp't's Rep. at 16. The Secretary also noted that Mr. Brennan had not yet proposed a medical theory for how the HPV vaccinations caused his injuries.

At the Rule 5 status conference on May 21, 2018, the undersigned proposed that the parties submit expert reports limited in scope to Mr. Brennan's diagnosis. The undersigned then issued expert instructions to guide the experts on addressing this issue.

Mr. Brennan never filed this initial expert report and instead filed a Motion for a Decision Dismissing the Petition on September 6, 2018.

This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that petitioner's injuries are vaccine-caused or significantly aggravated by a vaccine.

Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1).

In this case, because the medical records do not sufficiently support petitioner's claim, a medical opinion must be offered in support. A medical opinion has not been offered.

In his motion, Mr. Brennan stated that he "does not believe that he will be able to prove he is entitled to compensation as required under the Rules of the [Vaccine Injury Compensation Program]." Because Mr. Brennan has not even established his diagnosis, he cannot establish the other burdens necessary to be entitled to compensation.

Accordingly, the undersigned finds that Mr. Brennan has not demonstrated that the HPV vaccinations "actually caused" or "significantly aggravated" his injuries.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
